## SUPREME COURT.

### Hoodless agt. Brundage.

The plaintiff sued the defendant on a promissory note which with interest, amounted to $258,60, but claimed and demanded judgment for a balance only of $95,85. The defendant on the trial proved his account to be $253,48, and the referee reported a balance due the plaintiff of $5,20. The question was whether the plaintiff was entitled to *costs* on the ground that the demands of the parties allowed by the referee, in the aggregate exceeded $400, and therefore deprived a justice of the peace of jurisdiction. *Held*, that he was not. The only claim proved was the defendant's claim—which with the plaintiff's *demand* was short of $400.

*Westchester Special Term, December*, 1852. *Motion for costs.* The action was brought upon a promissory note, made by the defendant on the 4th day of May, 1843, for $200 with interest. Endorsements had been made upon the note to the amount of $68,90. The plaintiff in his complaint admitted that the defendant was entitled to be credited for the board of the plaintiff, $102,48; which last mentioned sum was legally applicable and *was applied* by the plaintiff to the defendant's note, and which, being applied—as of the 8th of April, 1846—when the same was so applicable, left a balance on the note, over and above all accounts, offsetts, payments or demands, of $95,85, for which sum, with interest from the 23d of June, 1849, the plaintiff claimed judgment.

The defendant denied all the allegations of the complaint, and also claimed that the amount of his claim against the plaintiff for board, &c., was much larger than the sum admitted in the complaint. The plaintiff replied to the answer, and the action was tried before a referee, who reported that the amount of the note with interest, after deducting the endorsements, was $258,60; and that the defendant's demand against the plaintiff, including interest, was $253,48, leaving a balance of only $5,20 due the plaintiff. Upon these facts the plaintiff moved for costs, on the ground that the demands of the parties allowed by the referee, in the aggregate exceed $400.

Hoodless agt. Brundage.

J. W. TOMPKINS, *for Plaintiff.*
F. LARKIN, *for Defendant.*

HARRIS, Justice.—The plaintiff is entitled to costs, if, according to section 54 of the Code, a court of a justice of the peace had no jurisdiction of the action. That section declares that no justice of the peace shall have cognizance of a matter of account where the sum total of the accounts of both parties, proved to the satisfaction of the justice, shall exceed four hundred dollars.

In this case the plaintiff only claimed the sum of $95,85, with interest from the 23d of June, 1849. He admitted, in his complaint that the residue of the note had been paid by the application of the balance due from him to the defendant for board. The defendant insisted that this amount, instead of being $102,48, as stated by the plaintiff, was in fact, enough to satisfy the whole amount of the plaintiff's claim. Upon the trial the defendant succeeded in proving that he was entitled to be allowed $191, instead of the sum admitted by the plaintiff, besides interest. Thus he reduced the claim of the plaintiff from the amount specified in the complaint, to the trifling sum reported by the referee. The only matter in dispute was the amount to be allowed to the defendant for board, &c. It is in no sense true, therefore, that the sum total of the accounts of both parties, proved on the trial, exceeded $400. The question to be tried was whether the plaintiff should recover the balance alleged by him to be due on his note, or any less sum. The only account proved upon the trial was the defendant's claim, amounting with interest, to $253,48. This, with the plaintiff's demand, was not sufficient in amount to deprive a justice of the peace of jurisdiction. (*See Matteson agt. Bloomfield*, 10 *Wend.* 556, *and the case ex parte Mills*, *in note.*)

The motion is therefore denied with costs.